## Case No. 8,236.

LELAND v. AGNEW et al.

[31 Hunt, Mer. Mag. 456.]

District Court, S. D. New York. 1854.

GOODS DETAINED BY QUARANTINE—BILL OF LADING—FREIGHT—WAIVER OF RIGHT TO DEMAND REIMBURSEMENT—USAGE.

[1. Where the bill of lading specifies that certain tobacco is shipped to be delivered at a certain wharf, and the quarantine officials require the ship to undergo quarantine, permitting at the same time the tobacco to be removed from the ship, the owners of the ship are not relieved from the obligation to deliver the tobacco as specified in the bill of lading.]

[2. The receipt of the tobacco under these circumstances does not constitute a waiver of the right of its owners to be reimbursed for their charges in removing the same to the proper wharf.]

[3. Upon the refusal of a ship's owners to deliver tobacco at the wharf specified in the bill of lading, the owners of the tobacco sent lighters, and had the tobacco removed to the wharf at their own expense. Held, that they might properly offset the charges of removal against the freight charges.]

[4. Proof cannot be admitted in order to establish a usage, when the usage sought to be proven varies the terms of an express contract.]

The libel in this case is filed by [Francis Leland] the owner of the ship President Fillmore, to recover the freight on 116 hogsheads of tobacco, brought from New Orleans to this port in August, 1853, under a bill of lading which specified that the tobacco was shipped "deliverable at the Tobacco Inspection wharf," to be carried to the port of New York, and there delivered to the respondents [William Agnew and others]. The ship arrived at this port during the latter part of August, and, as the yellow fever then prevailed at New Orleans, she was compelled to undergo quarantine. Tobacco, however, was permitted to be brought up to the city without undergoing quarantine. The ship having been ordered to be discharged, the libelant notified the respondents to get a permit, and take their tobacco from the ship. The respondents insisted that the libelant should lighter it up to the Tobacco Inspection wharf, but the libelant refused to do this, telling them that if they did not send lighters for it, it would be stored at the Atlantic docks at their expense. Thereupon the respondents sent lighters for the tobacco, and brought it up to the city. The libelant then brought this suit for the freight, and the respondents tendered and paid into court the amount of freight, less the expense of lighterage, claiming to deduct that from the full freight.

HELD BY THE COURT (INGERSOLL, District Judge): That the contract of the libelant was to deliver the tobacco at the Tobacco Inspection wharf, and that upon the performance of that contract on his part the payment of freight depends, unless there has been a waiver of performance by the owner of the goods, or some act on his part which prevents performance. That the libelant was not prevented from performing his contract by the necessity of discharging his ship at quarantine; the tobacco was not detained, and he was permitted to tranship it into lighters to bring it to the city, and could have done so. The terms of the contract are express, precise, and unconditional. When no technical mercantile terms are used in it—when there is no uncertainty in regard to it—evidence cannot be introduced to vary its apparent import and to show that by usage and custom, under certain circumstances, the contract need not be kept and performed according to its terms. Usage cannot be set up to vary the terms of an express contract. That the usage attempted to be proved by the libelant, authorizing him to deliver these goods at quarantine under the circumstances, in spite of the clause in the bill of lading, is not consistent with the contract, but contrary to it, and proof of it cannot be admitted. That the proof offered by the libelant is insufficient to establish such a usage, even if it could be admitted. That the receipt of the tobacco by the respondents, after the notice given them by the libelant, was no waiver by them of their right to demand a delivery at Tobacco Warehouse wharf.

Decree, therefore, for libelant for $496.50, the amount tendered by the respondents, and the costs of the respondents subsequent to the tender deducted.